IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MARVIN ALEXIS GOMEZ VALLECIOS,** § § § | | |
| Petitioner, § § | | |
| v. § | CAUSE NO. EP-25-CV-573-KC | |
| § | | |
| **KRISTI NOEM et al.,** § § | | |
| Respondents. § | | |

## ORDER

On this day, the Court considered Marvin Alexis Gomez Vallecios' Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1. For the following reasons, the petition is **GRANTED IN PART**.

### I.      BACKGROUND

This case involves Gomez Vallecios' challenge to Respondents' decision to detain him in immigration custody without a bond hearing. The following facts are derived from the allegations in the Petition, the Response, ECF No. 5, and documentary evidence submitted by the parties.

#### A.      Arrival in the United States & Immigration Proceedings

Gomez Vallecios is a citizen of El Salvador who entered the United States in 2010 without inspection. Pet. ¶ 40. On June 27, 2018, a family member submitted a Petition for Qualifying Family Member of U-1 Recipient (Form I-918) to United States Citizenship Immigration Services ("USCIS") on Gomez Vallecios' behalf. *See id.* Ex. 1 ("USCIS Correspondence"). On December 1, 2023, USCIS determined that the petition was bona fide. Pet. ¶ 41; USCIS Correspondence. As a result, Gomez Vallecios was granted work authorization

and deferred action from February 2, 2024, to February 1, 2028.  Pet. ¶ 42; *id.* Ex. 2 ("Employment Authorization").

On October 22, 2025, Gomez Vallecios was arrested by Immigration and Customs Enforcement ("ICE") agents on his way to work.  Pet. ¶ 43.  On the same day, he was issued a Notice to Appear.  Resp. 2, *id.* Ex. A ("Notice to Appear"), ECF No. 5-1.  His Master Calendar Hearing was originally scheduled for November 28, 2025.  Pet. ¶ 47.  He now has a hearing scheduled for December 12, 2025.  Resp. 14.

Gomez Vallecios was first detained in Maryland and then transferred to Texas.  *See* Pet. ¶¶ 44–45.  He is currently detained at ERO El Paso Camp East Montana in El Paso, Texas.  *Id.* ¶¶ 44, 46; Resp. 2.

### B. Procedural History

On October 27, Gomez Vallecios filed a petition for writ of habeas corpus in the United States District Court for the District of Maryland.  Pet. ¶ 44.  However, by the time the petition was filed, Gomez Vallecios had already been transferred out of Maryland, and he dismissed the habeas petition without prejudice.  *Id.*  On October 31, Gomez Vallecios joined a habeas petition with several other detainees in the Western District of Texas.  *Id.* ¶ 45.  On November 19, he was stricken from the habeas petition and ordered to file his own petition.  *Id.*

On November 21, Gomez Vallecios filed this Petition, challenging the legality of his detention on constitutional and statutory grounds, *id.* ¶¶ 49–60, and asking the Court to order Respondents to release him or convene a bond hearing, *id.* at 15–16.  Respondents then filed their Response.

To the extent there are any factual disputes, the Court resolves them in Respondents' favor.  Therefore, it is unnecessary to hold a hearing.  *See Tijerina v. Thornburgh*, 884 F.2d 861,

866 (5th Cir. 1989) (citations omitted) (finding that although 28 U.S.C. § 2243 requires the court to "summarily hear and determine the facts," the court need not hold an evidentiary hearing "[w]here the [habeas] petitioner raises only questions of law, or questions regarding the legal implications of undisputed facts").

**II.   DISCUSSION**

In his Petition, Gomez Vallecios claims that his detention violates (1) the Immigration and Nationality Act ("INA"), (2) his right to due process under the Fifth Amendment, and (3) Respondents' own regulations.  Pet. ¶¶ 49–60.

Respondents make three main arguments in opposition: (1) the Court lacks subject matter jurisdiction; (2) Gomez Vallecios is subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b); and (3) Gomez Vallecios' as applied due process challenge fails.  Resp. 1–2.

This Court recently decided several petitions for writs of habeas corpus brought by immigration detainees challenging their mandatory detention without a bond hearing under § 1225(b).  *See, e.g.*, *Martinez v. Noem* ("*Martinez I*"), No. 3:25-cv-430-KC, 2025 WL 2965859, at *2 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *3 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, --- F. Supp. 3d ----, 2025 WL 2691828, at *5 (W.D. Tex. Sept. 22, 2025).  Respondents rely on many of the same arguments that this Court has already addressed and rejected.  Where the arguments retread old ground, the Court need not repeat its analysis, especially where that analysis is consistent with "the overwhelming majority" of courts to consider these issues in recent months.  *See Buenrostro-Mendez v. Bondi*, No. 25-cv-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025).

### A. Jurisdiction

Respondents argue that the Court is stripped of jurisdiction by 8 U.S.C. §§ 1252(e)(3), 1252(g) and 1252(b)(9). Resp. 10–12. The Court already rejected essentially the same arguments. *See Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *2–3 (W.D. Tex. Nov. 10, 2025) (rejecting § 1252(e)(3) argument); *Santiago*, 2025 WL 2792588, at *3–5 (rejecting §§ 1252(g) and 1252(b)(9) arguments); *Lopez-Arevelo*, 2025 WL 2691828, at *4–5 (rejecting § 1252(g) arguments). In their briefing, Respondents fail to distinguish those prior jurisdictional analyses. Resp. 10–11.

Therefore, the Court finds that it has jurisdiction to consider Gomez Vallecios' challenge to his detention.

### B. Statutory Interpretation

Next, the parties debate the merits of the Government's new and expansive interpretation of mandatory detention under 8 U.S.C. § 1225(b) and whether Gomez Vallecios falls within it. Pet. ¶¶ 19–39; Resp. 3–10. Recently, courts across the country have held that this interpretation is either incorrect or likely incorrect. *See Buenrostro-Mendez*, 2025 WL 2886346, at *3 (noting that "almost every district court to consider this issue" has rejected the Government's new interpretation); *Lopez-Campos v. Raycraft*, --- F. Supp. 3d ----, 2025 WL 2496379, at *8 n.5 (E.D. Mich. Aug. 29, 2025) (collecting twelve such decisions).

Nevertheless, the Court does not reach the statutory interpretation question because, assuming without finding that the Government's new interpretation is correct, Gomez Vallecios is entitled to due process and succeeds in his as-applied challenge.[1]

---

[1] Therefore, and to the extent Gomez Vallecios' third claim that Respondents' actions are in violation of their own regulations is brought under the Administrative Procedure Act ("APA"), the Court need not consider that claim, nor Respondents' argument that a habeas petition is not the correct vehicle for an APA claim. *See* Resp. 3 & n.3.

### C. Procedural Due Process

Respondents argue that Gomez Vallecios "has not raised any colorable claim that mandatory detention under § 1225(b) is unconstitutional as applied to him." Resp. 1. They argue that, even as a matter of due process, for petitioners like Gomez Vallecios, "what Congress provided to them by statute satisfies due process." *Id.* at 13. This argument relies on an expansive reading of *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). *See id.* at 12–14. The Court has already rejected such a reading and does so again here. *See Santiago*, 2025 WL 2792588, at *7–10; *Lopez-Arevelo*, 2025 WL 2691828, at *7–10.

Respondents also appear to argue that Gomez Vallecios is receiving sufficient due process because he is in full removal proceedings, where "constitutional protections are built in[]." Resp. 12. However, the process Gomez Vallecios has received in relation to his removal is entirely distinct from the process he has received in relation to his detention, and whether that process is sufficient under the Fifth Amendment.

"To determine whether a civil detention violates a detainee's due process rights, courts apply the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976)." *Martinez v. Noem* ("*Martinez II*"), No. 5:25-cv-1007-JKP, 2025 WL 2598379, at *2 (W.D. Tex. Sept. 8, 2025). Those factors are: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. "The essence of procedural due process is that a person risking a serious loss be given notice and an opportunity to be heard in a meaningful manner and at a meaningful time." *M.S.L.*

5

*v. Bostock*, No. 25-cv-1204, 2025 WL 2430267, at *8 (D. Or. Aug. 21, 2025) (citing *Mathews*, 424 U.S. at 348).

### 1.     Private Interest

As to the first element, "'[t]he interest in being free from physical detention' is 'the most elemental of liberty interests." *Martinez II*, 2025 WL 2598379, at *2 (quoting *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)).  Respondents' position appears to be that Gomez Vallecios does not acquire a liberty interest until his detention becomes unreasonably prolonged.  Resp. 13.  However, one's physical freedom is a paramount liberty interest, secured not just by statute but by the Constitution.  *Hamdi*, 542 U.S. at 529.  This liberty interest applies to noncitizens, although to varying degrees.  *Martinez v. Hyde*, --- F. Supp. 3d ----, 2025 WL 2084238, at *8 (D. Mass. July 24, 2025) (citation omitted).

Therefore, this Court has already held that noncitizens acquire a protectable liberty interest when they spend years establishing a life in the interior of the United States, regardless of their citizenship status.  *Martinez I*, 2025 WL 2965859, at *4.  And other district courts have done the same.  *See, e.g.*, *Sanchez Alvarez v. Noem*, No. 25-cv-1090, 2025 WL 2942648, at *1, 7 (W.D. Mich. Oct. 17, 2025); *Chogllo Chafla v. Scott*, Nos. 25-cv-437, 438, 439, 2025 WL 2688541, at *1, 10 (D. Me. Sept. 22, 2025).

Gomez Vallecios has been living in this country for about fifteen years, so "it cannot be denied that [he] was 'already in the country.'"  *See Martinez v. Hyde*, 2025 WL 2084238, at *8 (quotations omitted).  It does not appear that he has any criminal history.  *See generally* Pet.; Resp. 2.  What is more, Gomez Vallecios has a pending U Visa application and USCIS found that his application was bona fide, granted him deferred action and issued an employment authorization document.  *Id.* ¶¶ 40–42; *see* USCIS Correspondence; Employment Authorization.

6

Effectively, Gomez Vallecios was allowed to live and work in the country. Under these facts, Gomez Vallecios has a strong interest in his liberty. *Cf. Santiago*, 2025 WL 2792588, at *10. Thus, the first *Mathews* factor weighs in favor of Gomez Vallecios.

### 2. Risk of Erroneous Deprivation

Under the second *Mathews* factor, the Court considers "whether the challenged procedure creates a risk of erroneous deprivation of individuals' private rights and the degree to which alternative procedures could ameliorate these risks." *Martinez II*, 2025 WL 2598379, at *3 (quoting *Gunaydin v. Trump*, 784 F. Supp. 3d 1175, 1187 (D. Minn. May 21, 2025)).

Here, detaining Gomez Vallecios without holding a bond hearing creates a substantial risk that he may be erroneously deprived of his liberty. Without an individualized determination, it cannot be said that detention is warranted in his case. This risk can be easily ameliorated through a bond hearing. Indeed, agency decisionmakers regularly "conduct[] individualized custody determinations . . . consider[ing] flight risk and dangerousness." *Velesaca v. Decker*, 458 F. Supp. 3d 224, 242 (S.D.N.Y. 2020) (citation omitted); *see also* 8 C.F.R. §§ 236.1(c)(8), 1003.19(h)(3). Under "decades of DHS's own practices" prior to 2025, noncitizens "who entered without inspection" and were later arrested, just like Gomez Vallecios, received bond hearings. *Chogllo Chafla*, 2025 WL 2688541, at *8 (citations omitted). This is precisely the type of proceeding that would give Gomez Vallecios an opportunity to be heard and to receive a meaningful assessment of whether he is dangerous or likely to abscond, and it would greatly reduce the risk of an erroneous deprivation of his liberty.

Respondents appear to argue that it is better for Gomez Vallecios that he is detained because his underlying relief application will be heard "more expeditiously on the detained docket than the non-detained docket." Resp. 13. But, those procedures would relate to Gomez

7

Vallecios' removal, not his detention. So, they would not ameliorate the risk that he will be erroneously deprived of his liberty while his removability is assessed.

Therefore, the second *Mathews* factor weighs in favor of Gomez Vallecios.

### 3. Government's Interest

Respondents only identify their general interest in enforcing immigration laws as their basis for seeking continued detention without a bond hearing. *See* Resp. 3. But again, assuming Respondents' interpretation of the statute is correct, Gomez Vallecios' constitutional interest in his liberty exists above and apart from the INA. *See A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) ("[T]he Fifth Amendment entitles aliens to due process of law in the context of removal proceedings.") (citation omitted). Certainly, the Government has an interest in ensuring that noncitizens appear for their removal hearings and do not pose a danger to the community. The first interest, however, is "weak or nonexistent where removal seems a remote possibility at best," such as when an individual, like Gomez Vallecios, is protected from removal through deferred action. *Santiago*, 2025 WL 2792588, at *12 (citation omitted). And in any event, any such concerns would be squarely addressed through a bond hearing. Thus, the third *Matthews* factor also weighs in favor of Gomez Vallecios.

Because all *Mathews* factors support Gomez Vallecios' position, the Court finds that his detention without an individualized assessment of flight risk and dangerousness deprives him of his constitutional right to procedural due process under the Fifth Amendment of the United States Constitution. Thus, he is entitled to a bond hearing. *See, e.g., Lopez-Arevelo*, 2025 WL 2691828, at *13.

### D. Scope of Relief

A majority of courts, including this one, have determined that the appropriate relief for an immigration detainee held in violation of due process is to require a bond hearing before an IJ.[2] *Id.* at *12 (collecting cases). The weight of authority also holds that when ordering a bond hearing as a habeas remedy, the burden of proof should be on the Government to prove by clear and convincing evidence that the detainee poses a danger or flight risk. *Id.* at *13 (collecting cases); *Velasco Lopez v. Decker*, 978 F.3d 842, 855 n.14 (2d Cir. 2010) (citations omitted). Many courts have also found it appropriate to give the Government a short window in which to complete the bond hearing, or else release the petitioner. *See, e.g.*, *Velasquez Salazar v. Dedos*, No. 25-cv-835, 2025 WL 2676729, at *9 (D.N.M. Sept. 17, 2025) (collecting cases). The Court follows this consensus and orders the same remedy here.

### III. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED IN PART**. The Court **ORDERS** that, <u>**on or before December 16, 2025**</u>, Respondents shall either: (1) provide Gomez Vallecios with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Gomez Vallecios' continued detention; or (2) release Gomez Vallecios from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, <u>**on or before December 16, 2025**</u>, Respondents shall **FILE** notice informing the Court whether Gomez Vallecios has been released from custody. If Gomez Vallecios has not been released from custody, Respondents shall inform the

---

[2] Respondents argue that "the only relief available to Petitioner through habeas is release from custody." Resp. 3. The Court has already rejected this argument, *Lala Barros*, 2025 WL 3154059, at *5 n.1, and does so here for the same reasons.

Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**<u>There will be no extensions of the December 16, 2025, deadlines.</u>**

**SO ORDERED**.

**SIGNED this 9th day of December, 2025.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE